UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WENDELL D. BRITT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:13-cv-01795-WTL-DML ) |
| DR. RAHANA, and GARY TINGLE Marion County Jail Commander, Lt. Col., | ) ) ) ) |
| Defendants. | ) ) |

**Order Regarding Defense of Failure to Exhaust Administrative Remedies**

Wendell D. Britt filed this action alleging that Dr. Rahana and Jail Commander Gary Tingle, in their individual capacities, were deliberately indifferent to Mr. Britt's serious medical needs in violation of his constitutional rights while he was confined at the Marion County Jail.[1] See dkt. 6. Both Dr. Rahana and Mr. Tingle seek resolution of this action on the basis that Mr. Britt failed to exhaust his available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

---

[1] This claim is necessarily brought pursuant to 42 U.S.C. § 1983. It is undisputed that the constitution imposes a duty on prison officials to provide medical care to inmates. *See Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). Because Mr. Britt was a pretrial detainee at the times relevant to this action, it is the due process clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment which is the source of this right. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)). However, courts still look to Eighth Amendment case law in addressing the claims of pretrial detainees, given that the protections of the Fourteenth Amendment's due process clause are at least as broad as those that the Eighth Amendment affords to convicted prisoners. *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012)(citing cases). Given the nature of the federal claims just alleged, **Mr. Tingle's assertion that he is entitled to relief based on the Indiana Tort Claims Act is summarily rejected because no state law tort claims are alleged in this action.**

For the reasons explained below, the defendants' motions for summary judgment [dkts. 24 and 28] must be **denied** and the defendants' affirmative defense that Mr. Britt failed to exhaust all available administrative remedies as to his claims prior to filing this lawsuit is **rejected.**

### Discussion

The defendants contend that Mr. Britt failed to comply with the exhaustion of administrative remedies requirement of the PLRA before filing this lawsuit. This affirmative defense must be resolved before reaching the merits of Mr. Britt's claims. *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").[2]

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, a prisoner is only required to exhaust those remedies that are available to him. Whether Mr. Britt used the grievance process at the Marion County Jail insofar as it was

---

[2] It is for this reason that Mr. Tingle's alternative ground for relief, that he is entitled to qualified immunity, is **denied without prejudice**. This ground for relief may be raised by Mr. Tingle in a future dispositive motion.

available to him is the relevant point of dispute here. A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole*, 438 F.3d at 809.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg*, 346 F.3d 752, 755 (7th Cir. 2003) (*quoting* Fed. R. Civ. P. 56(c) and *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Affidavits or declarations in support of a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. Fed. R. Civ. Proc. 56(c)(4).

*Undisputed Facts*

The following facts are undisputed. There was an administrative grievance process in effect at the Marion County Jail during the relevant time period and Mr. Britt was acquainted with the process. The grievance process requires a prisoner to first file an informal grievance with the designated Grievance Deputy for review within 48 hours of the incident. See dkt. 26-1 at p. 3. The Grievance Deputy then conducts an investigation and provides a written resolution to the prisoner within fifteen days of the Grievance Deputy's receipt of the informal grievance. *Id.* If the inmate is dissatisfied with the written resolution he must file a formal grievance within 48 hours of the inmates' receipt of the information resolution on a formal grievance form, which may be requested from the Grievance Deputy. *Id.* There are no instructions regarding what an inmate is expected to do if he does not receive a written resolution to his informal grievance.

Mr. Britt filed an informal grievance on December 5, 2012. See Dkt. 26-5. He wrote:

> I have been moved from a medical dorm 2-Q to 2-U. I have several broken ribs a punctured lung that is still healing I have a very hard time breathing and I believe that I should be in a medical dorm so I can be under the doctor's care. I hurt everyday 24/7. Can you please help me with my situation. Thank you?

A response to the grievance was drafted on December 10, 2012. Mr. Britt testified that he never received an answer to his grievance. Dkt. 32-1.

*Availability of Grievance Process*

Under these circumstances, the defendants' affirmative defense cannot prevail. Mr. Tingle argues that on December 10, 2012, a written grievance resolution was hand delivered to Mr. Britt via Jail One's mailroom clerk. Dkt. 36 at p. 3. In support of this claim, Mr. Tingle references his own affidavit which states "A written resolution was provided to Plaintiff via hand delivery through the mailroom clerk pursuant to the policies and procedures of the Marion County Jail. The resolution was not returned as undeliverable." Dkt. 36-1 at ¶ 7. But there is no indication that this testimony is based on personal knowledge and it fails to comply with Rule 56(c)(4) of the Federal Rules of Civil Procedure. As Mr. Britt correctly points out, it is the mailroom clerk and not Mr. Tingle who is in a position to dispute Mr. Britt's claim that he did not receive a response to the informal grievance.

Defendant Dr. Rohana argues that the Court must conduct a hearing to resolve the factual dispute between the testimony of Mr. Britt and Mr. Tingle. If there was a credibility determination to be made, a hearing would be appropriate, but there is not. No admissible evidence has been presented upon which this Court could conclude that Mr. Britt was handed a written resolution to his informal grievance. In addition, the appeal procedure outlined in the grievance policy is based on the assumption that the inmate has received a response to his

informal grievance.³ Mr. Britt had no instruction on how to pursue an appeal when he did not receive a response to his informal grievance. Accordingly, there is no other plausible finding except that an appeal was unavailable to Mr. Britt. *See Devbrow v.Carroll*, 2009 WL 2750004 (S.D. Ind. Aug. 26, 2009) (finding the appellate step of the administrative remedy process unavailable when the plaintiff had not received instructions as to how to appeal a non-response).

*Notice to Dr. Rohana*

Dr. Rohana argues that even if the administrative remedy process was made unavailable because Mr. Britt was not given a written response to his December 5, 2012, informal grievance, Mr. Britt is entitled to prevail on his affirmative defense because the only "arguably exhausted claim would relate to the decision to move Britt off the medical cell block." Dkt. 37 at p. 3. This argument is rejected because it ignores the undisputed text of Mr. Britt's December 5, 2012, informal grievance.

A primary purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("prisoners must only put responsible persons on notice about the conditions about which they are complaining"). An offender "need not lay out the facts, articulate legal theories, or demand

---

³ Unlike other prison's grievance policies the Marion County Jail inmate handbook does not contain a provision that an appeal may be filed within a certain time period if no response is received.

particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650. In this case, the grievance procedures outlined in the inmate handbook are silent as to the level of detail required to properly exhaust a claim. There is no requirement that any individual be named in the grievance or that the grievance be limited to a single issue. For this reason, Mr. Britt's informal grievance seeking to be moved to a medical dorm, complaining of several broken ribs, a punctured lung, difficulty breathing, and pain everyday was sufficient to put the defendants on notice that Mr. Britt was challenging the medical care he was receiving. See Dkt. 26-5. Accordingly, Dr. Rohana's claim that Mr. Britt's informal grievance was insufficient to exhaust the medical care claims brought against him in this action is rejected.

## Conclusion

Based on the evidence presented, the defendants have failed to meet their burden of proving that there was an available administrative remedy that Mr. Britt failed to utilize before filing the instant lawsuit. In addition, the defendants have failed to come forward with any admissible evidence which would warrant a hearing. Accordingly, the defendants' motions for summary judgment [dkts. 24 and 28] are **DENIED** and the affirmative defense of failure to exhaust administrative remedies is **REJECTED.**

**IT IS SO ORDERED.**

Date: 05/08/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WENDELL D. BRITT
#161632
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

All Electronically Registered Counsel