**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WENDELL D. BRITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-cv-01795-WTL-DML |
| | ) | |
| DR. RAHANA, and | ) | |
| GARY TINGLE, Marion County Jail | ) | |
| Commander, Lt. Col., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions to Appoint Counsel**

Before the Court are plaintiff's two motions for the appointment of counsel. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). Based on the plaintiff's submission, this Court concludes that the plaintiff has made a reasonable attempt to obtain counsel. The second question then is "whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655. The plaintiff was directed in the Entry of September 4, 2014, to include information for the Court to consider in resolving this question in any future motion for assistance in recruiting counsel. Specifically, the plaintiff was directed to provide information as to his abilities related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655.

It is this Court's determination that the plaintiff's current motions for counsel reflect that he is competent to litigate this action on his own.[1] He states in cursory fashion that he is indigent, incarcerated, has limited knowledge of the law and legal procedure, limited access to the law library and legal materials, is unable to gather evidence, and would be better off with an attorney. The plaintiff's current motions reflect that he faces the same challenges as nearly all prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases.

The plaintiff's filings in this action reflect that he is able to read and write, is educated (although there is no indication how far he went in school), has prepared his own documents for filing in this case and has substantial assistance from family members outside of prison in pursuing this action. He successfully defeated the defendants' motion for summary judgment on their affirmative defense of exhaustion. There is no indication that his ability to litigate is limited by any mental or physical disabilities.

The plaintiff states that his case is complex, but this Court finds otherwise. The claim remaining for resolution in this action is that Dr. Rahana and Jail Commander Gary Tingle, in their individual capacities only, were deliberately indifferent to Britt's serious medical needs. Specifically, the plaintiff alleges that he was transferred from Wishard Hospital to the Marion County Jail with a punctured lung, broken ribs and a fractured right arm and toes. The plaintiff

[1] If the plaintiff's claims survive summary judgment, the Court will undertake additional efforts to recruit counsel to assist him at trial.

alleges that Dr. Rahana was responsible for treating him but refused to examine him and ignored his medical requests. The Jail Commander allegedly knew that plaintiff was not receiving necessary treatment but failed to take any action to resolve this problem. The claim is simple, the plaintiff alleges that he had serious medical conditions diagnosed by the doctors at Wishard Hospital and that even a lay person would recognize, which went untreated while he was at the Marion County Jail.

In addition, the Court disagrees with the plaintiff's conclusion that he is unable to gather evidence. The plaintiff has not identified any necessary evidence which he has not been able to collect. Instead, the record reflects that the plaintiff has obtained relevant discovery materials. See dkt. 8 (evidence submitted evidence in support his claims) and dkt. 63 (defendants' notice that the plaintiff was provided a copy of his medical records from Marion County Jail II).

Finally, the plaintiff states that he needs a lawyer because he is ignorant of the deposition process and procedures. He asks whether he must respond to the questions asked. Attached to this Entry is a copy of Rules 30 and 32 of the Federal Rules of Civil Procedure. These rules set forth the deposition process. As reflected in those rules, the plaintiff is expected to answer the questions asked with extremely limited exceptions. See Fed. R. Civ. Pro. 30(c)(2), 30(d)(3). Given these circumstances there is no reason to postpone the deposition until after July 29, 2015, when the plaintiff expects to be released from prison.

For the reasons explained above, the plaintiff is simply not one of the many pro se prisoners that requires the assistance of counsel. The plaintiff is competent to litigate this action himself. Accordingly, the motions for counsel [dkt. 61 and 66] are **denied**.

**IT IS SO ORDERED.**

Date: 12/03/14

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WENDELL D. BRITT
#161632
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168
All Electronically Registered Counsel

All Electronically Registered Counsel

(A) under an applicable treaty or convention;

(B) under a letter of request, whether or not captioned a "letter rogatory";

(C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or

(D) before a person commissioned by the court to administer any necessary oath and take testimony.

(2) *Issuing a Letter of Request or a Commission.* A letter of request, a commission, or both may be issued:

(A) on appropriate terms after an application and notice of it; and

(B) without a showing that taking the deposition in another manner is impracticable or inconvenient.

(3) *Form of a Request, Notice, or Commission.* When a letter of request or any other device is used according to a treaty or convention, it must be captioned in the form prescribed by that treaty or convention. A letter of request may be addressed "To the Appropriate Authority in [name of country]." A deposition notice or a commission must designate by name or descriptive title the person before whom the deposition is to be taken.

(4) *Letter of Request—Admitting Evidence.* Evidence obtained in response to a letter of request need not be excluded merely because it is not a verbatim transcript, because the testimony was not taken under oath, or because of any similar departure from the requirements for depositions taken within the United States.

(c) DISQUALIFICATION. A deposition must not be taken before a person who is any party's relative, employee, or attorney; who is related to or employed by any party's attorney; or who is financially interested in the action.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 1, 2007, eff. Dec. 1, 2007.)

### Rule 29. Stipulations About Discovery Procedure

Unless the court orders otherwise, the parties may stipulate that:

(a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition; and

(b) other procedures governing or limiting discovery be modified—but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial.

(As amended Mar. 30, 1970, eff. July 1, 1970; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

### Rule 30. Depositions by Oral Examination

(a) WHEN A DEPOSITION MAY BE TAKEN.

(1) *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

(B) if the deponent is confined in prison.

(b) NOTICE OF THE DEPOSITION; OTHER FORMAL REQUIREMENTS.

(1) *Notice in General.* A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

(2) *Producing Documents.* If a subpoena duces tecum is to be served on the deponent, the materials designated for production, as set out in the subpoena, must be listed in the notice or in an attachment. The notice to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition.

(3) *Method of Recording.*

(A) *Method Stated in the Notice.* The party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition.

(B) *Additional Method.* With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice. That party bears the expense of the additional record or transcript unless the court orders otherwise.

(4) *By Remote Means.* The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

(5) *Officer's Duties.*

(A) *Before the Deposition.* Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28. The officer must begin the deposition with an on-the-record statement that includes:

(i) the officer's name and business address;

(ii) the date, time, and place of the deposition;

(iii) the deponent's name;

(iv) the officer's administration of the oath or affirmation to the deponent; and

(v) the identity of all persons present.

(B) *Conducting the Deposition; Avoiding Distortion.* If the deposition is recorded nonstenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)–(iii) at the beginning of each unit of the recording medium. The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques.

(C) *After the Deposition.* At the end of a deposition, the officer must state on the record that the deposition is complete and must set out any stipulations made by the attorneys about custody of the transcript or recording and of the exhibits, or about any other pertinent matters.

(6) *Notice or Subpoena Directed to an Organization.* In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

(c) EXAMINATION AND CROSS-EXAMINATION; RECORD OF THE EXAMINATION; OBJECTIONS; WRITTEN QUESTIONS.

(1) *Examination and Cross-Examination.* The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615. After putting the deponent under oath or affirmation, the officer must record the testimony by the method designated under Rule 30(b)(3)(A). The testimony must be recorded by the officer personally or by a person acting in the presence and under the direction of the officer.

(2) *Objections.* An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

(3) *Participating Through Written Questions.* Instead of participating in the oral examination, a party may serve written questions in a sealed envelope on the party noticing the deposition, who must deliver them to the officer. The officer must

ask the deponent those questions and record the answers verbatim.

(d) DURATION; SANCTION; MOTION TO TERMINATE OR LIMIT.

(1) *Duration*. Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

(2) *Sanction*. The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

(3) *Motion to Terminate or Limit*.

(A) *Grounds*. At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

(B) *Order*. The court may order that the deposition be terminated or may limit its scope and manner as provided in Rule 26(c). If terminated, the deposition may be resumed only by order of the court where the action is pending.

(C) *Award of Expenses*. Rule 37(a)(5) applies to the award of expenses.

(e) REVIEW BY THE WITNESS; CHANGES.

(1) *Review; Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) *Changes Indicated in the Officer's Certificate*. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

(f) CERTIFICATION AND DELIVERY; EXHIBITS; COPIES OF THE TRANSCRIPT OR RECORDING; FILING.

(1) *Certification and Delivery*. The officer must certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony. The certificate must accompany the record of the deposition. Unless the court orders otherwise, the officer must seal the deposition in an envelope or package bearing the title of the action and marked ''Deposition of [witness's name]'' and must promptly send it to the attorney who arranged for the transcript or recording. The attorney must store it under conditions that will protect it against loss, destruction, tampering, or deterioration.

(2) *Documents and Tangible Things.*

(A) *Originals and Copies.* Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

(i) offer copies to be marked, attached to the deposition, and then used as originals—after giving all parties a fair opportunity to verify the copies by comparing them with the originals; or

(ii) give all parties a fair opportunity to inspect and copy the originals after they are marked—in which event the originals may be used as if attached to the deposition.

(B) *Order Regarding the Originals.* Any party may move for an order that the originals be attached to the deposition pending final disposition of the case.

(3) *Copies of the Transcript or Recording.* Unless otherwise stipulated or ordered by the court, the officer must retain the stenographic notes of a deposition taken stenographically or a copy of the recording of a deposition taken by another method. When paid reasonable charges, the officer must furnish a copy of the transcript or recording to any party or the deponent.

(4) *Notice of Filing.* A party who files the deposition must promptly notify all other parties of the filing.

(g) FAILURE TO ATTEND A DEPOSITION OR SERVE A SUBPOENA; EXPENSES. A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:

(1) attend and proceed with the deposition; or

(2) serve a subpoena on a nonparty deponent, who consequently did not attend.

(As amended Jan. 21, 1963, eff. July 1, 1963; Mar. 30, 1970, eff. July 1, 1970; Mar. 1, 1971, eff. July 1, 1971; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 31. Depositions by Written Questions**

(a) WHEN A DEPOSITION MAY BE TAKEN.

(1) *Without Leave.* A party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

(2) *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):

(A) if the parties have not stipulated to the deposition and:

(i) the deposition would result in more than 10 depositions being taken under this rule or Rule 30 by the

plaintiffs, or by the defendants, or by the third-party defendants;

(ii) the deponent has already been deposed in the case; or

(iii) the party seeks to take a deposition before the time specified in Rule 26(d); or

(B) if the deponent is confined in prison.

(3) *Service; Required Notice.* A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken.

(4) *Questions Directed to an Organization.* A public or private corporation, a partnership, an association, or a governmental agency may be deposed by written questions in accordance with Rule 30(b)(6).

(5) *Questions from Other Parties.* Any questions to the deponent from other parties must be served on all parties as follows: cross-questions, within 14 days after being served with the notice and direct questions; redirect questions, within 7 days after being served with cross-questions; and recross-questions, within 7 days after being served with redirect questions. The court may, for good cause, extend or shorten these times.

(b) DELIVERY TO THE OFFICER; OFFICER'S DUTIES. The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice. The officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to:

(1) take the deponent's testimony in response to the questions;

(2) prepare and certify the deposition; and

(3) send it to the party, attaching a copy of the questions and of the notice.

(c) NOTICE OF COMPLETION OR FILING.

(1) *Completion.* The party who noticed the deposition must notify all other parties when it is completed.

(2) *Filing.* A party who files the deposition must promptly notify all other parties of the filing.

(As amended Mar. 30, 1970, eff. July 1, 1970; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 32. Using Depositions in Court Proceedings**

(a) USING DEPOSITIONS.

(1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

(A) the party was present or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).

(2) *Impeachment and Other Uses*. Any party may use a deposition to contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence.

(3) *Deposition of Party, Agent, or Designee*. An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

(4) *Unavailable Witness*. A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

(A) that the witness is dead;

(B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition;

(C) that the witness cannot attend or testify because of age, illness, infirmity, or imprisonment;

(D) that the party offering the deposition could not procure the witness's attendance by subpoena; or

(E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

(5) *Limitations on Use*.

(A) *Deposition Taken on Short Notice*. A deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B) requesting that it not be taken or be taken at a different time or place—and this motion was still pending when the deposition was taken.

(B) *Unavailable Deponent; Party Could Not Obtain an Attorney*. A deposition taken without leave of court under the unavailability provision of Rule 30(a)(2)(A)(iii) must not be used against a party who shows that, when served with the notice, it could not, despite diligent efforts, obtain an attorney to represent it at the deposition.

(6) *Using Part of a Deposition*. If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.

(7) *Substituting a Party*. Substituting a party under Rule 25 does not affect the right to use a deposition previously taken.

(8) *Deposition Taken in an Earlier Action*. A deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence.

(b) OBJECTIONS TO ADMISSIBILITY. Subject to Rules 28(b) and 32(d)(3), an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying.

(c) FORM OF PRESENTATION. Unless the court orders otherwise, a party must provide a transcript of any deposition testimony the party offers, but may provide the court with the testimony in nontranscript form as well. On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment must be presented in nontranscript form, if available, unless the court for good cause orders otherwise.

(d) WAIVER OF OBJECTIONS.

(1) *To the Notice.* An objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice.

(2) *To the Officer's Qualification.* An objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made:

(A) before the deposition begins; or

(B) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known.

(3) *To the Taking of the Deposition.*

(A) *Objection to Competence, Relevance, or Materiality.* An objection to a deponent's competence—or to the competence, relevance, or materiality of testimony—is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time.

(B) *Objection to an Error or Irregularity.* An objection to an error or irregularity at an oral examination is waived if:

(i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and

(ii) it is not timely made during the deposition.

(C) *Objection to a Written Question.* An objection to the form of a written question under Rule 31 is waived if not served in writing on the party submitting the question within the time for serving responsive questions or, if the question is a recross-question, within 7 days after being served with it.

(4) *To Completing and Returning the Deposition.* An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known.

(As amended Mar. 30, 1970, eff. July 1, 1970; Nov. 20, 1972, eff. July 1, 1975; Apr. 29, 1980, eff. Aug. 1, 1980; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

**Rule 33. Interrogatories to Parties**

(a) IN GENERAL.

(1) *Number.* Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25